UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NELSON MISSON,

      Plaintiff,

v.                                     Case No: 2:17-cv-574-FtM-38MRM

RED BULL DISTRIBUTION
COMPANY, INC.,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant Red Bull Distribution Company, Inc.'s Motion to Dismiss Amended Complaint (Doc. 15). Plaintiff Nelson Misson filed a Response in Opposition (Doc. 18).[2] This Motion is ripe for review.

This case stems from a motor vehicle accident. (Doc. 13 at ¶ 1). Jesse Faulkner rear-ended Misson while driving a truck owned by Red Bull. (Doc. 13 at ¶¶ 4-5, 7). Misson sued Red Bull under Florida's dangerous instrumentality doctrine for damages sustained in the accident. (Doc. 13). Now, Red Bull moves to dismiss Misson's Amended Complaint for failure to state a claim or seeks a more definite statement. (Doc. 15). Red

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Misson requests the Court consider his Response despite his failure to timely respond to the Motion. (Doc. 18 at ¶ 5). Because Misson represents that the failure was due to inadvertence, the Court will consider the Response.

Bull also moves to strike Misson's claim for prejudgment interest. (Doc. 15). For the reasons set forth below, the Court grants Red Bull's request to strike, but denies the Motion in all other respects.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But this standard of review does not permit all pleadings adorned with facts to survive. The Supreme Court requires that a district court dismiss a claim when a party fails to plead facts that make the claim facially plausible. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. See *Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Red Bull argues the Amended Complaint is deficient because there are no allegations it was negligent. (Doc. 15 at 3). This argument is unpersuasive. Florida's dangerous instrumentality doctrine "imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts the motor vehicle to an individual whose negligent operation causes damage to another." *Est. of Villanueva ex rel. Villanueva v. Youngblood*, 927 So. 2d 955, 957 (Fla. 2nd DCA 2006). Unlike Red Bull's position, the doctrine does not require direct negligence allegations against a vehicle's owner. See *id.* And the allegations in the Amended Complaint are sufficient to state a claim. Misson pled that Faulkner was negligent in his operation of the truck, Red Bull owned the truck, and

2

Red Bull consented to Faulkner's use. (Doc. 13 at ¶¶ 10-15). Red Bull's Motion to Dismiss is denied.

In a similar vein, Red Bull moves for a more definite statement under Federal Rule of Civil Procedure 12(e). Rule 12(e) allows a party to request a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). That is simply not the case here. The facts, while simply pled, are neither vague nor ambiguous.

Finally, Red Bull requests the Court strike Misson's claim for prejudgment interest. (Doc. 15 at 4). Misson does not oppose Red Bull's request. (Doc. 18). Because Florida does not generally allow prejudgment interest in a tort case and Misson does not object to Red Bull's position, the Court will strike Misson's claim for prejudgment interest. *See Gilchrist Timber Co. v. ITT Rayonier Inc.*, 472 F.3d 1329, 1331 (11th Cir. 2006).

Accordingly, it is now

**ORDERED:**

Defendant Red Bull Distribution Company, Inc.'s Motion to Dismiss Amended Complaint (Doc. 15) is **GRANTED in part and DENIED in part**.

(1) Plaintiff Misson's claim for prejudgment interest is stricken from the Amended Complaint.

(2) Defendant Red Bull Distribution Company, Inc.'s Motion to Dismiss Amended Complaint is denied in all other respects.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of February, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record